Opinion of the Court, by
Judge Logan.
ON the 3d day of May 1780, Pottinger entered into articles of agreement with Andrew Beall, to locate 12,000 acres of land; for which Beall agreed to convey to Pottinger, 3,800 acres out of the said land, equal in quality to the residue, as soon as patents could be obtained, clear of any expence or trouble to Pottinger, except his attendance to shew the lands, and assistance to carry the chain when they should be surveyed.
Pottinger and Angus Cameron afterwards entered into partnership for the purpose of making the said locations; and on the 21st of June 1780, Pottinger passed his bond to Cameron for 1,100 acres, part of the 3,800 acres, to be conveyed as soon as deeds could be obtained, and to be equal in quality, and other local advantages, with the remainder; but subject to the same deduction that Pottinger might sustain by failing to perform his contract with Beall.
Cameron became insane, and his committee having instituted suit on said bond, Pottinger exhibited his bill in chancery, enjoining farther proceedings at law, and praying relief against the bond, by conveying 1,100 acres with special warranty, of the land located for Beall.
The bill charges that Cameron had made a location of 1,200 acres of land for one Warford, that he was entitled to half for locating, and that he agreed to divide the same with the complainant in their partnership contract; that Samuel Willett assisted in making the locations for Beall, and for which the complainant and Cameron agreed to allow him 1,000 acres; that the complainant has obtained a deed from Beall for 2,300 acres of the land located by them; and that he has repeatedly offered, and still offers, to convey the 1,100 acres out of the same with special warranty, if it be thought just.
The answer of the defendants does not admit the allegations to be true; and without enquiring how far they are supported by the evidence in the cause, the case seems to present two points of view which will lead to a proper elucidation.
*116 1st. With respect to the effect in the suit of the complainant’s offers to convey the 1,100 acres, as alleged in his bill.
2d. Whether, if he has not done what was incumbent on him to save a breach of his contract at law, he has shewn such equitable matter as to entitle him to the interposition of a court of chancery.
Upon the first point it need only be observed, if the complainant has done what was incumbent on him toward discharging his covenant at law, he may avail himself of it at law by the appropriate and proper plea; and it was improper to delay his opponents in their trial at law, by resorting to chancery to prove that he had done his duty towards complying with his contract.
If, therefore, the complainant has done what was incumbent on him in order to save the breach of his contract, then there was no occasion to resort to chancery, because he can avail himself of it at law; and if he has not done all that was necessary for him to do, but relies on the equity of his case, growing out of circumstances anterior to the execution of his bond to Cameron, such as his interest in Warford’s location, his payment to Willett, and the consideration for the bond to Cameron, being Cameron’s interest in Beall’s locations; then, these matters were all fully in his knowledge when he executed the said bond, and the giving the bond under those circumstances, and afterwards permitting the party to plead them in avoidance of the bond on the chancery side of the court, would be unwarranted by both law and equity. If it operates hard on the complainant, it is the effect only of a bad bargain on his part, or his failure to comply, if it were a good one; but in which Cameron does not appear in any manner blameable, either in making the bargain, or preventing its performance.
Indeed, it by no means appears, that the complainant is still able to convey such land as would satisfy his bond. It is true, he states a conveyance from Beall of 2,300 acres; but he also states that the said conveyance was made without his knowledge or approbation; and so far from being satisfied with it himself, he made Beall a defendant in this suit. And the evidence in the cause, shews that the land thus conveyed, was not equal in quality, local situation, or value, to the residue of the land on an average.
*117 We deem it unnecessary to go into the defendants’ answer with regard to the length of time they had pressed the complainant to obtain from Beall such lands as would satisfy Cameron’s bond, or the evidence with respect to other land obtained by the complainant from Beall, or the manner in which he discharged Willett’s demand.
Decree affirmed with costs.